IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RUDOLPH M. BRUCE, II., for T.R.B.,

    Plaintiff,

v.

TOMPKINS DEP. OF SOCIAL
SERVICES, *et al.*,

    Defendants.

Civil Action No.
5:14-CV-0941 (GTS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

RUDOLPH M. BRUCE, II., *Pro Se*
631B Black Oak Road
Newfield, NY 14867

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Rudolph M. Bruce, II., purporting to act on behalf of himself and his son, T.R.B., has commenced this action against Tompkins County Department of Social Services ("DSS") and two individuals, pursuant to 42 U.S.C. § 1983, alleging that the defendants have deprived

him and his son of their civil rights. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for consideration. For the reasons set forth below, I recommend that plaintiff's complaint be dismissed without leave to replead.

I. BACKGROUND

This action was commenced on July 28, 2014. Dkt. No. 1. Plaintiff's complaint asserts claims on his behalf and on behalf of his son, T.R.B., and names Tompkins County DSS, Kit Kephart, Jennifer M. Donlan, Esq., and Patricia A. Carey as defendants. *Id.* at 1-2. Plaintiff's complaint is accompanied by an application for leave to proceed IFP. Dkt. No. 2.

In his complaint, plaintiff alleges that his son's First Amendment right of free speech was infringed by the defendants, who apparently took custody of T.R.B. and his siblings[1] on or about June 17, 2014, based upon T.R.B.'s statement that "he would rather be dead if he could not be with his family."[2] Dkt. No. 1 at 5. The complaint suggests that, prior to taking custody of T.R.B. and his siblings, Tompkins County DSS investigated a

---

[1] Plaintiff's complaint alludes to T.R.B.'s brother and sister, and plaintiff's IFP application indicates that plaintiff has three children. Dkt. No. 1 at 5; Dkt. No. 2 at 2.

[2] Plaintiff's complaint does not disclose the age of T.R.B. Dkt. No. 1.

2

complaint of alleged child neglect, and proceedings before Honorable Joseph R. Cassidy, a Tompkins County Family Court Judge, have commenced regarding the custody of the children. *Id.* at 6.

Liberally construed, plaintiff's complaint alleges that defendants have deprived him of his right to custody of his children under the First, Fourth, Fifth, and Fourteenth Amendments, and have deprived T.R.B. of his First Amendment right to free speech. *See generally* Dkt. No. 1. As relief, plaintiff seeks (1) return of his children to his custody and (2) Judge Cassidy's recusal from the pending family court matter in Tompkins County or removal of the matter to Broome County. *Id.* at 4, 7.

II. DISCUSSION

A. Application to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff

---

[3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can

3

meets the requirements for IFP status, his application is granted.[4]

    B.    Sufficiency of Plaintiff's Claims

        1.    Standard of Review

Because I have granted plaintiff's motion to proceed *in forma pauperis,* I must review the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties

---

meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks

to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

(citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis of Plaintiff's Claims</u>

It is clear from plaintiff's complaint that the claims asserted on his behalf and on behalf of T.R.B. directly relate to a pending proceeding before Judge Cassidy in Tompkins County Family Court regarding the custody of T.R.B. and his siblings. Dkt. No. 1 at 6. Pursuant to *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), and its progeny, however, a federal district court does not have jurisdiction over an action seeking injunctive or declaratory relief "where '1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in state court.'" *Parent v. N.Y.*, 485 F. App'x 500, 503 (2d Cir. 2012) (quoting *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2d Cir. 2009)). The *Younger* doctrine "applies with equal force to [both criminal and] civil proceedings," including proceedings pending in family courts. *Parent*, 485 F. A'ppx at 503; *Donkor v. City of N.Y. Human Res. Admin. Special Servs. for Children*, 673 F. Supp. 1221, 1224 (S.D.N.Y. 1987).

7

In this case, it is clear from plaintiff's complaint that the three conditions necessary to establish *Younger* abstention are satisfied. First, as discussed above, there is an ongoing proceeding in Tompkins County Family Court concerning plaintiff and the custody of his children. Dkt. No. 1 at 6. Second, "[a] state plainly has an interest in the outcome of a child custody dispute adjudicated in its courts." *Grieve v. Tamerin*, 269 F.3d 149, 152-53 (2d Cir. 2001). Turning to the third condition, "the relevant question under *Younger* is whether the state's procedural remedies could provide the relief sought not whether the state will provide the constitutional ruling which the plaintiff seeks." *Spargo v. N.Y. State Comm'n of Judicial Conduct*, 351 F.3d 65, 79 (2d Cir. 2003) (quotation marks, alterations, emphasis omitted). Courts in this circuit have frequently concluded that a pending proceeding in state family court "affords . . . adequate opportunity for judicial review of [a plaintiff's] constitutional claims." *Best v. City of N.Y.*, No. 12-CV-7874, 2014 WL 163899, at *10 (S.D.N.Y. Jan. 15, 2014); *see also Hidalgo v. N.Y.*, 11-CV-5074, 2011 WL 5838494, at *3 (E.D.N.Y. 21, 2011); *Reinhardt v. Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989).

Based upon the foregoing, I recommend that the court abstain from addressing any of the claims asserted in the plaintiff's complaint, all of

which relate directly to the proceeding pending in Tompkins County Family Court.

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, the court is precluded from adjudicating the claims asserted in plaintiff's complaint on his behalf and on behalf of T.R.B. due to the pending proceeding in Tompkins County Family Court, and no amendment to the complaint could cure this defect. Accordingly, I recommend that plaintiff not be granted leave to replead.[5]

III. <u>SUMMARY AND RECOMMENDATION</u>

A review of plaintiff's application for leave to proceed IFP reflects that he is eligible for that status. Because all of plaintiff's claims asserted both on his behalf and on behalf of T.R.B. relate to an ongoing proceeding in Tompkins County Family Court, however, I recommend that the court abstain from adjudicating any of them. Based upon the foregoing , it is

---

[5] It is worth noting that plaintiff is precluded from pursuing claims on behalf of his son, T.R.B., *pro se. See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Fauconier v. Comm. on Special Educ.,* No. 02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003). In the event my recommendation that plaintiff's complaint be dismissed without leave to replead is not adopted by the district judge, and any of the claims asserted on behalf of T.R.B. survive, plaintiff must first obtain legal representation to pursue those claims.

In addition, because Tompkins County DSS is not amenable to suit, *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999), in the event any portion of the plaintiff's complaint survives review by the district judge, I recommend that Tompkins County be substituted as a defendant in the place of Tompkins County DSS.

hereby

ORDERED that plaintiff's leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint be DISMISSED without leave to replead and without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 4, 2014
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge